IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**CORNERSTONE PENTECOSTAL CHURCH**                                              **PLAINTIFF**

v.                                                                   CIVIL ACTION NO. 2:20-cv-189-TBM-MTP

**ALFA INSURANCE CORPORATION**                                                **DEFENDANT**

## ORDER

THIS MATTER is before the Court on Defendant's Motion to Strike Plaintiff's Experts [33]. Having considered the parties' submissions, the record, and the applicable law, the Court finds that the Motion should be granted in part and denied in part for the reasons which follow.

## BACKGROUND

On October 9, 2020, Plaintiff Cornerstone Pentecostal Church filed this action against Defendant Alfa Insurance Corporation asserting breach of contract, bad faith, and other claims arising from Defendant's denial of Plaintiff's insurance claim for property damage following a snowstorm. On January 21, 2021, the Court entered a Case Management Order [11], which, among other things, set a June 8, 2021, deadline for Plaintiff's expert designations.

On June 8, 2021, Plaintiff designated John Fitzgerald as a "retained" expert and designated Stevephen Lott as a "non-retained" expert. On June 25, 2021, Plaintiff produced supplemental designations for Fitzgerald and Lott. On July 26, 2021, Defendant filed the instant Motion, seeking an order from the Court striking both Fitzgerald and Lott as experts. Plaintiff filed a Response [36] to the Motion, and Defendant filed a Rebuttal [38].

## ANALYSIS

### *John Fitzgerald*

At the time Plaintiff initially designated Fitzgerald as an expert witness, it failed to provide an expert report from Fitzgerald specifying his opinions as required by Fed. R. Civ. P. 26(a)(2)(B).[1] *See* [33-1]; [33-2]. Plaintiff, however, included Fitzgerald's report in its supplemental designation, which it produced on June 25, 2021. *See* [33-3].

In its Motion, Defendant argues that because Plaintiff failed to make a full and complete disclosure of Fitzgerald as an expert by the expert designation deadline, the Court should strike Fitzgerald as an expert witness. Defendant argues that Plaintiff's supplemental designation does not remedy Plaintiff's failure to properly designate because it is untimely and because it does not contain information concerning Fitzgerald's compensation for his work in this case.[2]

"A party must make [expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Local Rule 26 provides that a "party must make full and

---

[1] Pursuant to Fed. R. Civ. P. 26(a)(2)(B), an expert designation must contain the following:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or deposition; and
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

[2] In its Response [36], Plaintiff points out that, contrary to Defendant's assertion, the supplemental designation includes a statement of the fees charged by Fitzgerald. *See* [33-3] at 101.

complete disclosures as required by Fed. R. Civ. P. 26(a) and L.U. Civ. R. 26(a)(2)(D) no later than the time specified in the case management order." L.U. Civ. R. 26(a)(2). However, "[t]he parties must supplement these disclosures when required under Rule 26(e)." Fed. R. Civ. P. 26(a)(2)(E). As previously mentioned, Plaintiff's expert designation deadline ran on June 8, 2021. *See* Order [11].

"If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). To determine whether to exclude evidence, which was not properly or timely disclosed, the Court considers the following factors: (1) the explanation for the failure to disclose the evidence; (2) the importance of the evidence; (3) potential prejudice in allowing the evidence; and (4) the availability of a continuance to cure such prejudice. *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 572 (5th Cir. 1996); *City of Hattiesburg v. Hercules, Inc.*, 2016 WL 1090610, at *1 (S.D. Miss. Mar. 18, 2016) (citing *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 883 (5th Cir. 2004)).

Plaintiff does not provide a reasonable justification for its failure to make a full and complete disclosure of Fitzgerald as an expert by the expert designation deadline, but simply states that the failure was "inadvertent." Defendant argues that the Court should strike Fitzgerald as an expert for this reason alone. However, as noted above, the reason for a party's failure to disclose evidence is not the only factor courts consider when determining whether to exclude evidence.

Courts must also consider the importance of the evidence, the potential prejudice, and the availability of a continuance. There is no dispute that Fitzgerald's testimony regarding the

3

damage to the subject property and the repair costs is critical to Plaintiff's case. Additionally, Defendant has not pointed to any specific prejudice it has suffered or will suffer. Defendant received Fitzgerald's report on June 25, 2021, and the deadline for discovery does not run until September 8, 2021. Finally, the Court notes that a continuance should not be necessary to cure any prejudice Defendant may suffer given the remaining time available for discovery. The Court finds that, on balance, the factors favor not striking Fitzgerald as an expert.

***Stevephen Lott***

In its initial designation of experts, Plaintiff identified Stevephen Lott as a non-retained expert and stated as follows:

> Mr. Lott is expected to testify regarding the damages to Plaintiff's property as well as the cost to repair the damages. Mr. Lott is a public insurance adjuster in Mississippi. This designation will be supplemented to provide a copy of Mr. Lott's Curriculum Vitae.

*See* [33-1] at 4. On June 25, 2021, Plaintiff served its supplemental designation of experts, which included the following designation of Lott:

> Pursuant to Fed. R Civ. P. 26(a)(2)(C), Mr. Lott is expected to testify regarding his inspections of the property close to the date of loss, the damages to Plaintiff's property he observed and that the estimate completed by John Fitzgerald is consistent with his findings. Mr. Lott will opine on the pricing of the scope of work estimated by Mr. Fitzgerald and provide an opinion as damages he observed.

*See* [38-1] at 6.

It its Motion, Defendant argues that Lott is actually a retained expert pursuant to Fed. R. Civ. P. 26(a)(2)(B), as opposed to a non-retained expert pursuant to Fed. R. 26(a)(2)(C), and therefore, is required to submit an expert report. Pursuant to Fed. R. Civ. P. 26(a)(2)(A), "a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence." For a retained expert, "this disclosure must be accompanied by a written report—prepared and signed by the

4

witness...." Fed. R. Civ. P. 26(a)(2)(B). For a non-retained expert, however, the disclosure need only provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify. Fed. R. Civ. P. 26(a)(2)(C).

"The distinction between retained and non-retained experts should be interpreted in a common sense manner." *DiSalvatore v. Foretravel, Inc.*, 2016 WL 7742996, at *2 (E.D. Tex. May 20, 2016). Non-retained expert's opinions arise from "firsthand knowledge of activities" in which he was personally involved before the commencement of the lawsuit, and are not formed because he is recruited to testify as an expert after-the-fact. *Beane v. Utility Trailer Mfg. Co.*, 2013 WL 1344763, at *3 (W.D. La. Feb. 2, 2013); s*ee also LaShip, LLC v. Hayward Baker, Inc.*, 680 F. Appx. 317, 324 (5th Cir. 2017) ("Rule 26(a)(2)(C) addresses the disclosure of expert witnesses who were involved in the events leading up to litigation and may testify both as an expert and as a fact witness.").

On the other hand, "[a] retained expert witness is an expert who, without prior knowledge of the facts giving rise to litigation, 'is recruited to provide expert opinion testimony.'" *DiSalvatore*, 2016 WL 7742996, at *2 (quoting *Downey v. Bob's Discount Furniture Holdings, Inc.*, 633 F.3d 1, 7 (1st Cir. 2011)); *see also Tolan v. Cotton*, 2015 WL 5332171, at *1 (S.D. Tex. Sept. 14, 2015) ("a witness is specially employed when he has no personal involvement in facts giving rise to the litigation, but is engaged to provide opinion testimony, regardless of whether he is compensated or simply volunteers.").[3] "Courts require a party seeking to avoid producing a

---

[3] In its Response [36], Plaintiff mentions that Lott "is not being paid for his testimony," but the Court notes that Lott's contract with Plaintiff provides him a contingency fee—ten percent of the amount recovered from Defendant. *See* [33-5]; [33-4] at 46-47.

full expert report to show the proposed expert is not required to submit a report." *Skyeward Bound Ranch v. City of San Antonio*, 2011 WL 2162719, at *2 (W.D. Tex. June 1, 2011).

Turning to the facts of this case, on January 31, 2018, Defendant informed Plaintiff that it denied Plaintiff's insurance claim for property damage. *See* [1] at 4.  On March 12, 2018, Plaintiff contracted with Lott for services as a public adjuster. *See* [33-5].  On October 9, 2020, Plaintiff filed its Complaint [1], which describes the events which followed the denial of its insurance claim:

> Feeling aggrieved, Cornerstone Pentecostal Church, then retained public adjuster Stevephen Lott of Integrity Claims, LLC to assist with the claim.  Mr. Lott's detailed and thorough investigation and inspection of the property determined that there were snowstorm damages to the attic trusses, exterior and interior of the property.  Consequently, Defendant Alfa Insurance and its representatives failed to pay Cornerstone's covered storm related property damages.
>
> Despite this information, Defendant Alfa Insurance completely ignored the information provided by the public adjuster and chose simply to only rely on its own consultant without performing any additional investigation or inspections in callous disregard of the rights and well-being of the church.

*See* [1] at 4.

The record reveals that Lott was personally involved in the events leading up to litigation. Thus, he may be designated as a witness under Rule 26(a)(2)(C) and may testify both as an expert and a fact witness.

However, much like a treating physician whose opinion testimony pursuant to Rule 26(a)(2)(C) is limited to opinions formed during the course of treatment,[4] Lott's expert opinions

---

[4] "[T]he testimony of a treating physician who is not designated as a retained expert is limited to those facts and opinions based on the physician's medical records and his personal treatment of the party." *Stafford v. Gov't Emps. Ins. Co.*, 2017 WL 5690948, at *3 (S.D. Miss. July 20, 2017). For example, if a party requests that a treating physician review medicals records of another physician and render opinions concerning the appropriateness of the treatment, the physician's opinion would be subject to the requirements of Rule 26(a)(2)(B), notwithstanding the fact that the physician happens to be a treating physician.

in this case should be limited to those arising from the services he provided prior to the commencement of this action.  When Lott's testimony extends beyond the facts made known to him and the opinions formed during the course of his work as a public adjuster prior to the commencement of this litigation, the testimony becomes subject to the provisions of Rule 26(a)(2)(B).

Lott is expected to offer testimony regarding his inspections of the property closer to the date of loss and the damage to the property. *See* [38-1] at 6.  It is permissible for Lott to offer testimony on this subject matter.  Plaintiff also expects Lott to offer testimony regarding the accuracy of John Fitzgerald's expert report. *Id*.  Lott evaluated Fitzgerald's report and developed opinions concerning the report in preparation for the litigation of this matter, and therefore, Lott may not offer such testimony in the absence of Lott's own expert report.

The Court finds that Lott's testimony which extends beyond the facts made known to him and the opinions formed during the course of his work as a public adjuster prior to the commencement of this litigation should be excluded.  This testimony is not vital to the claims and defenses as it simply amounts to Lott concurring with Fitzgerald, who will offer his own testimony.  This, along with Plaintiff's failure to provide a reasonable justification for not providing an expert report and the prejudice to Defendant, supports exclusion.

Defendant also argues that Lott should not be allowed to testify as a non-retained expert because Plaintiff's expert disclosure is insufficient, even under the less-demanding standard of Fed. R. Civ. P. 26(a)(2)(C).  Thus, Defendant would have the Court exclude Lott's testimony even if it relates to the facts made known to him and the opinions formed during the course of his work as a public adjuster prior to the commencement of this litigation.

As explained above, Fed. R. Civ. P. 26(a)(2)(C) requires the disclosure of a non-retained expert to provide the subject matter on which the witness is expected to present evidence and a summary of the facts and opinions to which the witness is expected to testify.  Plaintiff provided its initial expert designation on June 8, 2021—the deadline for such designation.  Defendant deposed Lott on June 24, 2021, and the next day, seventeen days after the expert designation deadline, Plaintiff provided its supplemental expert designation.  Considering only the testimony allowed under Rule 26(a)(2)(C), the designation provides that Lott is expected to testify regarding (1) his inspections of the property close to the date of loss, (2) the damages to Plaintiff's property he observed, (2) his opinion as to damages he observed.

Plaintiff's designation satisfies the first requirement of Rule 26(a)(2)(C) by providing the subject matter on which Lott is expected to testify, but there is no summary of the facts and opinions to which Lott is expected to testify.  "The purpose of Fed. R. Civ. P. 26(a)(2)(C) is to provide opposing parties reasonable opportunity to prepare for effective cross-examination and perhaps arrange for expert testimony from other witnesses." *Jones v. Lanter Delivery Sys.*, 2016 WL 3265293, at *1 (N.D. Miss. June 14, 2016).  Plaintiff's designation of Lott does not fulfill the purpose of Rule 26(a)(2)(C).

Because Plaintiff failed to comply with Rule 26(a)(2)(C), the Court turns to the factors of justification, importance, prejudice, and availability of a continuance to determine whether exclusion is appropriate.  Plaintiff offers no justification for its failure to provide a proper disclosure, as mandated by Rule 26(a)(2)(C).  Although Plaintiff's disclosure of Lott reveals little about the specific information he will convey in his testimony, the subject matter to be addressed by Lott is unquestionably relevant to the claims and defenses.  As for prejudice, Lott is not a surprise witness; Plaintiff identified him in its Complaint [1].  On the other hand,

Defendant points out that it has already taken Lott's deposition, and the supplemental designation was provided after the deposition. To alleviate any prejudice to Defendant, the Court will allow Defendant to depose Lott a second time, at Plaintiff's cost (to include court reporter fees and other out-of-pocket expenses, but excluding attorneys' fees). A continuance is not necessary at this time as the deadline for discovery does not run until September 8, 2021.

Finally, Defendant argues that the Court should exclude Lott's testimony because neither Lott nor Plaintiff has produced all of the material Lott created in connection with his service to Plaintiff. On the record before the Court, it is not clear what materials were created or what materials have been withheld, if any. The parties should be able to clarify these questions during the remainder of the discovery period and may revisit this issue if necessary. On the current record, however, the Court will not exclude Lott's testimony based on this issue.

IT IS, THEREFORE, ORDERED that:

1. Defendant's Motion to Strike Plaintiff's Experts [33] is GRANTED in part and DENIED in part.

2. The Motion [33] is denied to the extent Defendant requests that the Court strike John Fitzgerald as an expert witness.

3. The Motion [33] is granted in part and denied in part to the extent Defendant request that the Court strike Stevephen Lott as an expert witness. Lott may only offer testimony which concerning the facts made known to him and the opinions formed during the course of his work as a public adjuster prior to the commencement of this litigation.

SO ORDERED this the 23rd day of August, 2021.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE